IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DCCC,

                Plaintiff,

    v.

FEDERAL ELECTION COMMISSION,

                Defendant,

NRSC,

                Intervenor-Defendant.

Civil Action No. 24-cv-2935 (RDM)

**JOINT STATUS REPORT**

In accordance with the Court's orders, the parties—Plaintiff Democratic Congressional Campaign Committee ("DCCC"), Defendant Federal Election Commission ("FEC"), and Intervenor-Defendant National Republican Senatorial Committee ("NRSC")—submit the following status report.

Plaintiff filed the operative complaint in this case on December 20, 2024. *See* Am. Compl., ECF No. 28. The Amended Complaint alleges APA violations in connection with FEC's closure of Advisory Opinion Request 2024-13 without issuing an advisory opinion and seeks permanent declaratory relief and other APA relief ahead of the approaching 2026 election cycle. *See id.* Cross-motions to dismiss and for summary judgment were submitted and fully briefed as of June 2025. *See* ECF Nos. 32, 34, 36, 37, 40–44.

This Court stayed the case pending the Supreme Court's resolution of *NRSC v. FEC*, No. 24-621. Minute Order (July 16, 2025). In its stay order, the Court directed the parties to file a joint status report following the Supreme Court's decision in *NRSC* stating the Parties' "positions as to how this Court should proceed." *Id.* The Court subsequently denied DCCC's motion to lift the

1

stay, indicating that as "soon as the Supreme Court issues its decision, this Court will move quickly to invite any necessary supplemental briefing and to resolve this case in light of the Supreme Court's decision." Minute Order (July 31, 2025).

The Supreme Court issued its decision on June 30, 2026. *See NRSC v. FEC*, 609 U.S. ----, 2026 WL 1868932 (2026). Consistent with the Court's minute orders, the parties state their positions as follows:

**Plaintiff DCCC's Position**

While *NRSC* held that "political-party coordinated-expenditure restrictions [are] unconstitutional," 2026 WL 1868932, at *16, this case presents a distinct, live, and time-sensitive controversy. Relief from this Court would, at minimum, redress DCCC's informational injury by ensuring that its competitors' JFC advertising is properly disclosed as a coordinated expenditure or contribution, thereby alleviating its corresponding competitive injury as well. *See id.* at 11, 16 (explaining that "a joint fundraising committee is simply a mechanism for individual committees to raise funds collectively, not to circumvent base limits or earmarking rules," and that "the combination of [these] limits" and their "companion disclosure requirements" continue to serve important "anti-circumvention" interests); *see also* Am. Compl. ¶¶ 89–92, 96. Indeed, *NRSC* stresses the critical role that disclosure requirements play under FECA—a purpose frustrated when joint fundraising committee participants improperly obscure their contributions. *See NRSC*, 2026 WL 1868932, at *10.

Given the complex interplay of these issues—on top of the already complex set of jurisdictional and other threshold defenses advanced by FEC and the NRSC in this case—DCCC respectfully proposes the following briefing schedule and format to address the effect of *NRSC* on the pending dispositive motions:

- **Supplemental Briefs (All Parties):** Due July 31, 2026, limited to 20 pages;

- **Responses (All Parties):** Due Aug. 10, 2026, limited to 10 pages.

DCCC respectfully submits that shorter briefing—and certainly appellate Rule 28(j)-style notices, as the NRSC proposes—would be unhelpful to the Court and fail to grant the parties sufficient opportunity to discuss *NRSC*'s impact on this live controversy. Likewise, NRSC's timing proposal—which proposes briefing deadlines more generous than those under the default rules—would significantly prejudice DCCC's ability to obtain timely relief ahead of the 2026 elections.

## Defendant FEC's Position

The FEC's continued position is that DCCC lacks standing and this case should be dismissed on those grounds.  (*See* ECF No. 34 & 34-1; ECF No. 52.)  To the extent that the Court determines supplemental briefing would assist the Court, the FEC respectfully proposes a 10-page limit for supplemental briefs and submits that no responses are necessary.

## Intervenor-Defendant NRSC's Position

The NRSC believes the Supreme Court's recent decision in *NRSC v. FEC*, 609 U.S. \_\_, 2026 WL 1868932 (2026), requires dismissal of this case.  Although the Supreme Court's decision speaks for itself, should the Court invite supplemental briefing, the NRSC recommends that "the parties . . . follow the procedures set forth in Federal Rule of Appellate Procedure 28(j)." *See* Standing Order in Civil Cases § 8(d), Civil Action No. \_\_-\_\_\_ (RDM), https://www.dcd.uscourts.gov/sites/dcd/files/MossStandingOrder.pdf.  To the extent the Court determines more extensive briefing would assist the Court, the NRSC respectfully requests that the parties be afforded 45 days to prepare supplemental briefs to accommodate deadlines in other cases, as well as planned summer travel by counsel.

3

Dated: July 14, 2025

Respectfully submitted,

*/s/ Aria C. Branch*
Aria C. Branch (DC 1014541)
Christopher D. Dodge (DC 90011587)
Nicole E. Wittstein (DC 1725217)
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135

Tyler L. Bishop (DC 90014111)
**ELIAS LAW GROUP LLP**
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
T: (206) 948-1135

*Counsel to Plaintiff DCCC*

Lisa J. Stevenson (D.C. Bar No. 457628)
Deputy General Counsel – Law
lstevenson@fec.gov

James D. McGinley (D.C. Bar No. 1017536)
Associate General Counsel
jmcginley@fec.gov

*/s/ Sophia H. Golvach*
Sophia H. Golvach (D.C. Bar No. 1656365)
Attorney
sgolvach@fec.gov

Greg Mueller (D.C. Bar No. 462840)
Attorney
gmueller@fec.gov

Shaina Ward (D.C. Bar No. 1002801)
Attorney
sward@fec.gov

COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
1050 First Street, NE
Washington, DC 20463
(202) 694-1650

/s/ Stephen J. Obermeier
Michael E. Toner (D.C. Bar No. 439707)
Brandis L. Zehr (D.C. Bar No. 996202)
Stephen J. Obermeier (D.C. Bar No. 979667)
Jeremy J. Broggi (D.C. Bar No. 1191522)
Boyd Garriott (D.C. Bar No. 1617468)

**Wiley Rein LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000
sobermeier@wiley.law

*Counsel for the NRSC*